**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4586**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL EDWARD CARR,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Lacy H. Thornburg, District Judge. (4:97-cr-00274)

Submitted: January 29, 2008      Decided: February 22, 2008

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Edward Carr appeals the district court's judgment revoking his supervised release and sentencing him to twenty-one months' imprisonment, a sentence at the bottom of the applicable range based on the non-binding federal sentencing guidelines policy statement. Carr contends that the sentence is substantively unreasonable.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438-39. Only if a sentence is found to be unreasonable will this court determine if it is "plainly" so. Id. at 439. Although the district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2006), as well as the statutory requirements and factors applicable to parole revocation sentences under 18 U.S.C.A. §§ 3553(a) & 3583 (West 2000 & Supp. 2007), the court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

Although, as Carr contends, the district court provided no explanation for its sentence, it is undisputed that the district court properly calculated the applicable range and imposed a sentence at the bottom of that range. We find nothing clearly or

obviously erroneous in the sentence imposed by the district court. See <u>United States v. Moulden</u>, 478 F.3d 652, 657 (4th Cir. 2007) (defining plainly unreasonable sentence as one that is clearly or obviously erroneous).

Accordingly, we affirm Carr's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>